# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                         )
NEW ORLEANS WORKERS' CENTER FOR          )
RACIAL JUSTICE, *et al*.,                )
                                         )
        Plaintiffs,                      )
                                         )
        v.                               )  Civil Action
                                         )   No. 15-431 (RBW)
                                         )
U.S. IMMIGRATION AND CUSTOMS             )
ENFORCEMENT,                             )
                                         )
        Defendant.                       )
_____)

## JOINT STATUS REPORT AND
## PROPOSED ALTERNATIVE BRIEFING SCHEDULES

Pursuant to the Court's Minute Order of August 5, 2015, counsel for Plaintiffs and counsel for Defendant have conferred and hereby submit this Joint Status Report and Proposed Briefing Schedules. Plaintiffs and Defendant propose the two alternative briefing schedules outlined below. Negotiations for this proposal were conducted through multiple written and telephonic communications. However, the parties were unable to come to a resolution and have decided to file alternative proposals.

This case concerns Plaintiffs' request for records under the Freedom of Information Act ("FOIA"). Defendant has produced nearly 2,300 pages of documents and anticipates an additional 2,500-3,000 pages of documents to be submitted to Plaintiffs on a rolling basis, with about 500 pages produced each month over the next five to six months. Plaintiffs have raised concerns regarding the scope and sufficiency of the

Defendant's search for documents responsive to their request.  In an attempt to reach a reasonable settlement acceptable to both parties, on June 22, 2015, counsel for the Plaintiffs sent Defendant's counsel a proposal limiting the scope of their original search term request.  Defendant rejected this proposal, raising issues regarding its search capabilities and record tracking on CARI, and offered a counter proposal on July 10, 2015. The Parties conferred multiple times by telephone and exchanged questions and responses by email regarding, among other subjects, the capacity of ICE to search for particular data and for terms in conjunction with one another.  Another settlement offer was sent by Plaintiffs on September 2, 2015.  On September 10, 2015, the Parties communicated again via telephone.

  At this time, the Parties have not reached agreement on the schedule or manner in which issues surrounding search methodologies should be resolved.  However, the Parties do agree that it would be most expeditious for the Court to resolve search adequacy issues first, while the rolling production of documents is ongoing, and before addressing any challenges to Defendant's claimed exemptions and redactions.  Both Parties agree to seek the Court's resolution of their disputes regarding search scope issues first.  The Parties propose for Defendant to file a declaration, or, if necessary, multiple declarations, explaining how the search for responsive records was conducted, any technical or other limitations on the agency's search capabilities, and why Defendant believes the searches have been adequate.  Based on Defendant's declaration or declarations, the Parties will seek the Court's resolution of search scope issues.  Plaintiffs will defer challenging redactions and withholdings in any productions until the ongoing rolling productions and any further productions based on new searches are completed.  The Parties believe this

serves judicial economy and efficiency, as this will resolve the conversation between Defendant and Plaintiff over the search scope.

The Parties were not able to reach agreement on the manner and schedule by which to seek the Court's resolution of search adequacy disputes.  Below, Plaintiffs and Defendant propose alternative briefing schedules on the matter of the scope and sufficiency of Defendant's already completed production.

## I.    <u>Plaintiffs' Proposed Schedule</u>

Plaintiffs' proposed briefing schedule is as follows: Defendant will submit a declaration or declarations to the Court by October 1, 2015 detailing how the agency's search for responsive records was conducted, explaining any technical or other limitations on the agency's search capabilities, and explaining why Defendant believes its searches have been sufficient in scope and methodology.  The Parties will then file concurrent briefs, no longer than 10 pages, by October 8, 2015, summarizing their positions on the adequacy of search issues.  The parties would then request that the Court convene a status conference on October 15, 2015 to resolve the dispute as to the adequacy of the search.  At the status conference, each Party could respond to any arguments raised in the other's brief not already addressed.  Following a determination by the Court on this matter, and any ensuing further productions by Defendant, the parties will submit briefings on the matter of the withholding of productions on a separate schedule to be determined by the Court when appropriate.

As the Court is aware, this 2013 request for documents arose out of a growing community concern about civil rights violations in the course of Defendant's immigration enforcement activities in New Orleans.  Plaintiffs submitted their request to ICE on

November 13, 2013. On December 13, 2013, ICE granted expedited processing under 5 U.S.C. § 552(a)(6)(e)(i)(I), which allows faster processing of records requests "in cases in which the person requesting the records demonstrates a compelling need." Department of Homeland Security regulations promulgating expedited processing state that "[r]equests and appeals will be taken out of order and given expedited treatment whenever it is determined that they involve… [a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 6 C.F.R. § 5.5(d)(ii). ICE's grant of expedited processing illustrates that the agency recognized, early in this matter, the urgency of producing the records Plaintiffs seek. However, ICE did not produce any documents until after Plaintiffs began this litigation, which commenced on March 25, 2015.

Plaintiffs received Defendant's first production on May 8, 2015. Despite Plaintiffs' good faith negotiations all summer, the Parties have not been able to come to agreement on search procedures responsive to Plaintiffs' request. There has already been an extraordinary delay on this narrow request, and further delay would continue to harm the public interest. Furthermore, an extended briefing schedule or a schedule that delays resolution of search adequacy issues until initial production is complete would only result in duplicative work for both parties, as Defendant may have to reproduce searches using a broader scope after resolution of the current disputes about the adequacy of searches done so far. Moreover, significant policy shifts on ICE enforcement, to which these documents would be relevant, have been underway during the past years when ICE has been unresponsive to Plaintiffs' request, culminating in a November 20, 2014 announcement on enforcement shifts. Further delays continue to harm the public interest

and plaintiffs' ability to fully participate in analyzing and responding to ICE actions in real time.  Therefore, the Plaintiffs propose a prompt resolution to this narrow issue, in the interests of efficiency and the public interest.

Plaintiffs will still have an opportunity to challenge redactions after the last production from Defendant is made. The Parties agree that the court need not address arguments regarding redactions to and the withholding of documents before the search is conducted in full. Accordingly, in order for the parties to expeditiously resolve their negotiations over the scope of search, Plaintiffs request that the Court enter an order setting Plaintiffs' proposed schedules for briefing regarding the limited question of the adequacy of Defendant's searches.

## II.    Defendant's Proposed Schedule

Although the normal course in FOIA litigation is for the parties to brief issues relating to the adequacy of the agency's search and the appropriateness of any withholdings together, Defendant is willing to agree to a schedule in which the adequacy of the agency's search is addressed first in order to speed resolution of that issue. Defendant, however, cannot meet the deadlines in the very expedited schedule proposed by Plaintiffs.

Plaintiffs' proposal – in which the agency would have less than three weeks in which to draft a declaration or declarations relating to the massive searches undertaken in this case – provides nowhere near enough time for the agency to complete the task.  In its search for documents responsive to Plaintiffs' FOIA request, Defendant tasked 23 separate ICE field offices as well as three offices at ICE headquarters.  At least one person and in some cases, multiple people, at each office were involved in the searches.

Accordingly, in order to prepare a declaration or declarations describing the searches, over 26 different ICE personnel located throughout the nation will have to be consulted in order to fully and accurately describe the search protocols utilized.  The declaration(s) will also discuss Plaintiffs' various proposed searches that the parties have discussed over recent months and will explain why such searches could not or need not be performed. Given that Plaintiffs' proposed searches are vast in scope – encompassing numerous ICE databases, offices, and individuals' files and involving dozens of proposed search terms – significant time will be necessary to address these complex proposals.

Moreover, substantial resources at the agency's FOIA office are presently occupied working to close out the backlog of FOIA requests prior to the end of the fiscal year on September 30, 2015.  These resources will be largely unavailable to assist with the preparation of the declaration(s) in this case until October.

For these reasons, the agency's good faith estimate is that it will require 50 days in order to prepare a search declaration or declarations in this matter.  Defendant's counsel will thereafter require time to draft a motion for partial summary judgment based on the declaration(s).

The parties also disagree on the structure of the briefing schedule.  Plaintiffs have proposed a schedule under which Defendant would file the search declaration(s) and then each side would simultaneously file one ten-page brief one week later, followed by a status conference to argue the issue one week thereafter.  The usual and customary practice in this district, however, is to utilize staggered rather than simultaneous briefing. *See* Local Rule 7(b), (d).  Under the standard practice, Defendant, as the party defending the adequacy of the searches, submits a motion seeking a ruling on that issue along with

the search declaration(s).  Plaintiffs, in turn, file an opposition in response.  Finally, Defendant then files a reply to Plaintiffs' opposition.

Defendant proposes the Court adopt a staggered briefing schedule and submits that there is no reason to deviate here from the standard practice.  Plaintiffs have not shown any "exceptional need or urgency in processing [their] FOIA requests" that might warrant expedited proceedings.  *See Summers v. U.S. Dep't of Justice*, 733 F. Supp. 443, 444 (D.D.C. 1990).  Indeed, given the extremely broad and vague nature of Plaintiff's FOIA request (which seeks seven categories and 60 subcategories of records, *see* Ex. A at 7-14), the issues concerning the search deserve much more time and attention (and pages) than Plaintiffs' schedule allows.

Staggered briefing also allows the parties and the Court to focus on the legal issues that are actually in dispute, present more concise and responsive legal arguments, and maximize the utility of the briefing for the Court.  Plaintiffs' proposal, in contrast, allows no opportunity for the parties to confront each other's arguments in writing.

Accordingly, Defendant therefore proposes the following schedule to govern briefing of the adequacy of Defendant's search:

| | |
|---|---|
| 64 days from the Court's entry of a briefing schedule: | Deadline for Defendant's Motion for Partial Summary Judgment |
| 85 days from the Court's entry of a briefing schedule: | Deadline for Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment |
| 106 days from the Court's entry of a briefing schedule: | Deadline for Plaintiffs' Reply in Support of Defendant's Motion for Partial Summary Judgment |

Notably, under this proposal, the adequacy of the search will be fully briefed long before it would be in a typical FOIA case where all briefing would occur only after the production was complete.

## III.   Conclusion

Accordingly, in order for the parties to expeditiously resolve their negotiations over the scope of search, the parties jointly request that the Court enter an order setting one of the foregoing alternative proposed schedules for briefing regarding the limited question of the adequacy of Defendant's searches.

Two alternative proposed orders are attached.

Respectfully submitted,


VINCENT H. COHEN, JR.
Acting United States Attorney
D.C. Bar No. 471489

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar No. 924092

By: _____/s/_____
JOSHUA M. KOLSKY
Assistant United States Attorney
D.C. Bar No. 993430
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendant*


___/s/ Michael T. Kirkpatrick____
Michael T. Kirkpatrick (DC Bar #486293)
INSTITUTE FOR PUBLIC REPRESENTATION
GEORGETOWN UNIVERSITY LAW CENTER

600 New Jersey Avenue NW, Suite 312
Washington, DC 20001
Tel: 202-661-6582
Email: michael.kirkpatrick@law.georgetown.edu

_____/s/ Peter L. Markowitz_____
Peter L. Markowitz (NY Bar #4092276)
Thomas P. Fritzsche (GA Bar # 940482)
BENJAMIN N. CARDOZO SCHOOL OF LAW
IMMIGRATION JUSTICE CLINIC
55 5th Avenue, 11th Floor
New York, New York 10003
Tel: 212-790-0895
Email: peter.markowitz@yu.edu,
thomas.fritzsche@yu.edu

_____/s/ Jennifer Rosenbaum_____
Jennifer Rosenbaum (LA Bar #31946)
Yihong "Julie" Mao (LA Bar #34191)
NEW ORLEANS WORKERS' CENTER FOR
RACIAL JUSTICE
217 N. Prieur St.
New Orleans, LA 70112
Tel: 504-309-5165
Email: jjrosenbaum@nowcrj.org; jmao@nowcrj.org

*Counsel for Plaintiffs*