# Exhibit 3

**Cover Letters for ICE's document
productions and re-releases**

**U.S. Department of Homeland Security**
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

 **U.S. Immigration
and Customs
Enforcement**

May 7, 2015

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

RE:  *New Orleans Workers' center for Racial Justice v. ICE*, No. 1 15-00431 (District of
Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366

Dear Ms. Rosenbaum:

U.S. Immigration and Customs Enforcement (ICE) is providing you with the first release of
documentation in response to the Freedom of Information Act (FOIA) request filed with ICE,
dated November 13, 2013. The request sought disclosure of various records relating to the
Criminal Alien Removal Initiative (CARI), to include: Policies, Procedures, Objectives and
Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the
federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion
requests by CARI arrestees. This FOIA request is the subject of the above referenced litigation
matter.

This request is being processed under the FOIA, 5 U.S.C. §522.

This release consists of 575 pages and 80 Excel Spreadsheets located pursuant to a search of the
ICE Office of Enforcement and Removal Operations (ERO). After review, 35 pages will be
withheld in full and portions of the remaining 540 pages will be withheld pursuant to exemptions
b(5), b(6), b(7)(C), and b(7)(E) of the FOIA.

ICE applied FOIA Exemption b(5) to protect from public disclosure internal agency draft
documents and communications that contain the recommendations, opinions, and conclusions of
agency employees. The public disclosure of intra-agency draft documents and communications
will discourage the expression of candid opinions, and inhibit free and frank discourse among
agency personnel on important agency decision-making; this will result in a chilling effect on the
agency's deliberative process. Additionally, because these draft documents and communications
may contain statements and positions not necessarily adopted by the agency, the disclosure of
these draft documents and communications could result in public confusion over the final agency
position with respect to issues addressed in the drafts.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or
letters which would not be available by law to a party other than an agency in litigation with the
agency. FOIA Exemption b(5) is invoked to withhold documents under the deliberative process
privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied Exemptions b(6) and b(7)(C) to protect from disclosure the names, phone numbers, email addresses, and suite numbers of ICE agents and employees. Additionally, b(6) and b(7)(C) were asserted to withhold identifying information relating to third parties, such as names, dates of birth, social security numbers, alien numbers, and addresses.

**FOIA Exemption b(6)** exempts from disclosure personnel or medical files and similar files, the release of which would cause a clearly unwarranted invasion of personal privacy. The assertion of this exemption requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you or your client may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption b(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied Exemption b(7)(E) to protect from disclosure data such as internal law enforcement case numbers, information relating to law enforcement investigations, and internal computer commands and screenshots, the release of which would allow a person with unauthorized access to potentially circumvent the law.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. ICE has determined disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this response, please contact Assistant United States Attorney Joshua Kolsky at (202) 252-2541.

Sincerely,

Catrina M. Pavlik-Keenan       FOR
FOIA Officer

Enclosure(s): 1 CD containing 575 Pages, 80 Excel Spreadsheets

cc:  Assistant United States Attorney Joshua Kolsky



**U.S. Department of Homeland Security**
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**U.S. Immigration
and Customs
Enforcement**

July 16, 2015

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

**RE:**   *New Orleans Workers' center for Racial Justice v. ICE*, No. 1 15-00431 (District of
Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366

Dear Ms. Rosenbaum:

U.S. Immigration and Customs Enforcement (ICE) is providing you with the third release of
documentation in response to the Freedom of Information Act (FOIA) request filed with ICE,
dated November 13, 2013.  The request sought disclosure of various records relating to the
Criminal Alien Removal Initiative (CARI), to include:  Policies, Procedures, Objectives and
Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the
federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion
requests by CARI arrestees.  This FOIA request is the subject of the above referenced litigation
matter.

This request is being processed under the FOIA, 5 U.S.C. §522.

This release consists of 557 pages of documents located pursuant to a search of the ICE Office of
Enforcement and Removal Operations (ERO).  After review, portions of the 557 pages will be
withheld pursuant to exemptions b(5), b(6), b(7)(C), and b(7)(E) of the FOIA.

ICE applied FOIA Exemption b(5) to protect from public disclosure internal agency draft
documents and communications that contain the recommendations, opinions, and conclusions of
agency employees.  The public disclosure of intra-agency draft documents and communications
will discourage the expression of candid opinions, and inhibit free and frank discourse among
agency personnel on important agency decision-making; this will result in a chilling effect on the
agency's deliberative process.  Additionally, because these draft documents and communications
may contain statements and positions not necessarily adopted by the agency, the disclosure of
these draft documents and communications could result in public confusion over the final agency
position with respect to issues addressed in the drafts.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or
letters which would not be available by law to a party other than an agency in litigation with the
agency.  FOIA Exemption b(5) is invoked to withhold documents under the deliberative process
privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied Exemptions b(6) and b(7)(C) to protect from disclosure the names, phone numbers, email addresses, and suite numbers of ICE agents and employees. Additionally, b(6) and b(7)(C) were asserted to withhold identifying information relating to third parties, such as names, dates of birth, social security numbers, alien numbers, and addresses.

**FOIA Exemption b(6)** exempts from disclosure personnel or medical files and similar files, the release of which would cause a clearly unwarranted invasion of personal privacy. The assertion of this exemption requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you or your client may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption b(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied Exemption b(7)(E) to protect from disclosure data such as internal law enforcement case numbers, information relating to law enforcement investigations, and internal computer commands and screenshots, the release of which would allow a person with unauthorized access to potentially circumvent the law.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. ICE has determined disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this response, please contact Assistant United States Attorney Joshua Kolsky at (202) 252-2541.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 1 CD containing 557 Pages

cc:  Assistant United States Attorney Joshua Kolsky

U.S. Department of Homeland Security
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009



**U.S. Immigration
and Customs
Enforcement**

August 18, 2015

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

**RE:** *New Orleans Workers' center for Racial Justice v. ICE*, No. 1 15-00431 (District of
Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366

Dear Ms. Rosenbaum:

U.S. Immigration and Customs Enforcement (ICE) is providing you with the fourth release of
documentation in response to the Freedom of Information Act (FOIA) request filed with ICE,
dated November 13, 2013. The request sought disclosure of various records relating to the
Criminal Alien Removal Initiative (CARI), to include: Policies, Procedures, Objectives and
Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the
federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion
requests by CARI arrestees. This FOIA request is the subject of the above referenced litigation
matter.

This request is being processed under the FOIA, 5 U.S.C. §522.

This release consists of 500 pages of documents and 1 Excel spreadsheet located pursuant to a
search of the ICE Office of Enforcement and Removal Operations (ERO). After review, 68
pages will be withheld in full, pursuant to exemption b(5). Portions of the remaining 432 pages
will be withheld pursuant to exemptions b(5), b(6), b(7)(C), and b(7)(E) of the FOIA.

ICE applied FOIA Exemption b(5) to protect from public disclosure internal agency draft
documents and communications that contain the recommendations, opinions, and conclusions of
agency employees. The public disclosure of intra-agency draft documents and communications
will discourage the expression of candid opinions, and inhibit free and frank discourse among
agency personnel on important agency decision-making; this will result in a chilling effect on the
agency's deliberative process. Additionally, because these draft documents and communications
may contain statements and positions not necessarily adopted by the agency, the disclosure of
these draft documents and communications could result in public confusion over the final agency
position with respect to issues addressed in the drafts.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or
letters which would not be available by law to a party other than an agency in litigation with the
agency. FOIA Exemption b(5) is invoked to withhold documents under the deliberative process
privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied Exemptions b(6) and b(7)(C) to protect from disclosure the names, phone numbers, email addresses, and suite numbers of ICE agents and employees. Additionally, b(6) and b(7)(C) were asserted to withhold identifying information relating to third parties, such as names, dates of birth, social security numbers, alien numbers, and addresses.

**FOIA Exemption b(6)** exempts from disclosure personnel or medical files and similar files, the release of which would cause a clearly unwarranted invasion of personal privacy. The assertion of this exemption requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you or your client may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption b(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied Exemption b(7)(E) to protect from disclosure data such as internal law enforcement case numbers, information relating to law enforcement investigations, and internal computer commands and screenshots, the release of which would allow a person with unauthorized access to potentially circumvent the law.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. ICE has determined disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this response, please contact Assistant United States Attorney Joshua Kolsky at (202) 252-2541.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 1 CD containing 500 Pages, 1 Excel spreadsheet

cc: Assistant United States Attorney Joshua Kolsky



**U.S. Department of Homeland Security**
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**U.S. Immigration
and Customs
Enforcement**

September 17, 2015

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

RE:   *New Orleans Workers' center for Racial Justice v. ICE*, No. 1 15-00431 (District of
      Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366

Dear Ms. Rosenbaum:

U.S. Immigration and Customs Enforcement (ICE) is providing you with the fifth release of
documentation in response to the Freedom of Information Act (FOIA) request filed with ICE,
dated November 13, 2013.  The request sought disclosure of various records relating to the
Criminal Alien Removal Initiative (CARI), to include:  Policies, Procedures, Objectives and
Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the
federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion
requests by CARI arrestees.  This FOIA request is the subject of the above referenced litigation
matter.

This request is being processed under the FOIA, 5 U.S.C. §522.

This release consists of 264 pages of documents and 4 Excel spreadsheets located pursuant to a
search of the ICE Office of Enforcement and Removal Operations (ERO).  After review, 16
pages will be withheld in full, pursuant to FOIA Exemption b(5).  Portions of the remaining 248
pages will be withheld pursuant to FOIA Exemptions b(5), b(6), b(7)(C), and b(7)(E).

ICE applied FOIA Exemption b(5) to protect from public disclosure internal agency draft
documents and communications that contain the recommendations, opinions, and conclusions of
agency employees.  The public disclosure of intra-agency draft documents and communications
will discourage the expression of candid opinions, and inhibit free and frank discourse among
agency personnel on important agency decision-making; this will result in a chilling effect on the
agency's deliberative process.  Additionally, because these draft documents and communications
may contain statements and positions not necessarily adopted by the agency, the disclosure of
these draft documents and communications could result in public confusion over the final agency
position with respect to issues addressed in the drafts.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or
letters which would not be available by law to a party other than an agency in litigation with the
agency.  FOIA Exemption b(5) is invoked to withhold documents under the deliberative process
privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied FOIA Exemptions b(6) and b(7)(C) to protect from disclosure the names, phone numbers, email addresses, and suite numbers of ICE agents and employees. Additionally, b(6) and b(7)(C) were asserted to withhold identifying information relating to third parties, such as names, dates of birth, social security numbers, alien numbers, and addresses.

**FOIA Exemption b(6)** exempts from disclosure personnel or medical files and similar files, the release of which would cause a clearly unwarranted invasion of personal privacy. The assertion of this exemption requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you or your client may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption b(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied FOIA Exemption b(7)(E) to protect from disclosure data such as internal law enforcement case numbers, information relating to law enforcement investigations, and internal computer commands and screenshots, the release of which would allow a person with unauthorized access to potentially circumvent the law.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. ICE has determined disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this response, please contact Assistant United States Attorney Joshua Kolsky at (202) 252-2541.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 1 CD containing 264 Pages, 4 Excel spreadsheets

cc:  Assistant United States Attorney Joshua Kolsky



U.S. Department of Homeland Security
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**U.S. Immigration and Customs Enforcement**

October 15, 2015

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

**RE:** *New Orleans Workers' center for Racial Justice v. ICE*, No. 1 15-00431 (District of Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366

Dear Ms. Rosenbaum:

U.S. Immigration and Customs Enforcement (ICE) is providing you with the sixth release of documentation in response to the Freedom of Information Act (FOIA) request filed with ICE, dated November 13, 2013. The request sought disclosure of various records relating to the Criminal Alien Removal Initiative (CARI), to include: Policies, Procedures, Objectives and Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion requests by CARI arrestees. This FOIA request is the subject of the above referenced litigation matter.

This request is being processed under the FOIA, 5 U.S.C. §522.

This release consists of 276 pages of documents and 1 Excel spreadsheets located pursuant to a search of the ICE Office of Enforcement and Removal Operations (ERO). After review, 48 pages will be withheld in full, pursuant to FOIA Exemption b(5). Portions of the remaining 228 pages will be withheld pursuant to FOIA Exemptions b(5), b(6), b(7)(C), and b(7)(E).

ICE applied FOIA Exemption b(5) to protect from public disclosure internal agency draft documents and communications that contain the recommendations, opinions, and conclusions of agency employees. The public disclosure of intra-agency draft documents and communications will discourage the expression of candid opinions, and inhibit free and frank discourse among agency personnel on important agency decision-making; this will result in a chilling effect on the agency's deliberative process. Additionally, because these draft documents and communications may contain statements and positions not necessarily adopted by the agency, the disclosure of these draft documents and communications could result in public confusion over the final agency position with respect to issues addressed in the drafts.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. FOIA Exemption b(5) is invoked to withhold documents under the deliberative process privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied FOIA Exemptions b(6) and b(7)(C) to protect from disclosure the names, phone numbers, email addresses, and suite numbers of ICE agents and employees. Additionally, b(6) and b(7)(C) were asserted to withhold identifying information relating to third parties, such as names, dates of birth, social security numbers, alien numbers, and addresses.

**FOIA Exemption b(6)** exempts from disclosure personnel or medical files and similar files, the release of which would cause a clearly unwarranted invasion of personal privacy. The assertion of this exemption requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you or your client may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption b(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied FOIA Exemption b(7)(E) to protect from disclosure data such as internal law enforcement case numbers, information relating to law enforcement investigations, and internal computer commands and screenshots, the release of which would allow a person with unauthorized access to potentially circumvent the law.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. ICE has determined disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this response, please contact Assistant United States Attorney Joshua Kolsky at (202) 252-2541.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 1 CD containing 276 Pages, 1 Excel spreadsheets

cc:  Assistant United States Attorney Joshua Kolsky



**U.S. Department of Homeland Security**
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**U.S. Immigration
and Customs
Enforcement**

November 18, 2015

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

RE:   *New Orleans Workers' center for Racial Justice v. ICE*, No. 1 15-00431 (District of
       Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366

Dear Ms. Rosenbaum:

U.S. Immigration and Customs Enforcement (ICE) is providing you with the seventh and final
release of documentation in response to the Freedom of Information Act (FOIA) request filed
with ICE, dated November 13, 2013. The request sought disclosure of various records relating to
the Criminal Alien Removal Initiative (CARI), to include: Policies, Procedures, Objectives and
Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the
federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion
requests by CARI arrestees. This FOIA request is the subject of the above referenced litigation
matter.

This request is being processed under the FOIA, 5 U.S.C. §522.

This release consists of 958 pages of documents and 17 Excel spreadsheets located pursuant to a
search of the ICE Office of Enforcement and Removal Operations (ERO) and the Office of
Public Affairs (OPA). After review, 31 pages will be withheld in full, pursuant to FOIA
Exemption b(5). Portions of the remaining 927 pages will be withheld pursuant to FOIA
Exemptions b(5), b(6), b(7)(C), and b(7)(E).

ICE applied FOIA Exemption b(5) to protect from public disclosure internal agency draft
documents and communications that contain the recommendations, opinions, and conclusions of
agency employees. The public disclosure of intra-agency draft documents and communications
will discourage the expression of candid opinions, and inhibit free and frank discourse among
agency personnel on important agency decision-making; this will result in a chilling effect on the
agency's deliberative process. Additionally, because these draft documents and communications
may contain statements and positions not necessarily adopted by the agency, the disclosure of
these draft documents and communications could result in public confusion over the final agency
position with respect to issues addressed in the drafts.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or
letters which would not be available by law to a party other than an agency in litigation with the
agency. FOIA Exemption b(5) is invoked to withhold documents under the deliberative process
privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied FOIA Exemptions b(6) and b(7)(C) to protect from disclosure the names, phone numbers, email addresses, and suite numbers of ICE agents and employees. Additionally, b(6) and b(7)(C) were asserted to withhold identifying information relating to third parties, such as names, dates of birth, social security numbers, alien numbers, and addresses.

**FOIA Exemption b(6)** exempts from disclosure personnel or medical files and similar files, the release of which would cause a clearly unwarranted invasion of personal privacy. The assertion of this exemption requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you or your client may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption b(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied FOIA Exemption b(7)(E) to protect from disclosure data such as internal law enforcement case numbers, information relating to law enforcement investigations, and internal computer commands and screenshots, the release of which would allow a person with unauthorized access to potentially circumvent the law.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. ICE has determined disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this response, please contact Assistant United States Attorney Joshua Kolsky at (202) 252-2541.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 1 CD containing 958 Pages, 17 Excel spreadsheets

cc: Assistant United States Attorney Joshua Kolsky



U.S. Department of Homeland Security
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**U.S. Immigration
and Customs
Enforcement**

April 11, 2016

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

**RE:**   *New Orleans Workers' center for Racial Justice v. ICE*, **No. 1 15-00431 (District of
Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366**

Dear Ms. Rosenbaum:

This letter is a re-release in response to your letter dated March 31, 2016, pursuant to your
Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement
(ICE), dated November 13, 2013. The request sought disclosure of various records relating to
the Criminal Alien Removal Initiative (CARI), to include: Policies, Procedures, Objectives and
Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the
federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion
requests by CARI arrestees. This FOIA request is the subject of the above-referenced litigation
in the U.S. District Court for the District of Columbia.

Per your request, ICE is re-releasing the following 22 bates pages: 133; 2910-2912; 2887-2897;
3108; 3416-3418; 3476; 3525; and 3534. ICE is also re-releasing the spreadsheet titled ""(3)
ERO Operational Calendar September 25 2012 –Highlighted," produced on November 18th,
2015.

If you have any questions about this response, please contact Jason Cohen with the United States
Attorney's Office at (202) 252-2523.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   22 pages and 1 spreadsheet

cc:           Assistant United States Attorney Jason Cohen



U.S. Department of Homeland Security
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**U.S. Immigration
and Customs
Enforcement**

March 10, 2016

Jennifer J. Rosenbaum
New Orleans Workers' Center for Racial Justice
217 N. Prieur St.
New Orleans, LA 70112

**RE:**   *New Orleans Workers' center for Racial Justice v. ICE*, No. 1 15-00431 (District of Columbia, filed March 25, 2015) FOIA Case Number 2015-ICFO-00366

Dear Ms. Rosenbaum:

This letter is a supplemental re-release in response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated November 13, 2013. The request sought disclosure of various records relating to the Criminal Alien Removal Initiative (CARI), to include: Policies, Procedures, Objectives and Scope related to CARI, information on CARI arrests, cost and fiscal impact of CARI, what the federal government is saying about CARI, assessments of CARI and Prosecutorial Discretion requests by CARI arrestees. This FOIA request is the subject of the above-referenced litigation in the U.S. District Court for the District of Columbia.

This request is being processed under the FOIA, 5 U.S.C. § 552.

ICE has conducted a re-review of 3,680 pages originally released on a rolling basis between the months of May 2015 and November 2015. After the re-review, ICE has reprocessed 4 pages of records and is now releasing portions of the previously withheld information. The re-release pages will contain the original bates stamped numbers and serve as replacement sheets for the previously delivered pages.

Portions of the 4 pages will be withheld pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) as described below.

ICE applied FOIA Exemption b(5) to protect from public disclosure internal agency draft documents and communications that contain the recommendations, opinions, and conclusions of agency employees. The public disclosure of intra-agency draft documents and communications will discourage the expression of candid opinions, and inhibit free and frank discourse among agency personnel on important agency decision-making; this will result in a chilling effect on the agency's deliberative process. Additionally, because these draft documents and communications may contain statements and positions not necessarily adopted by the agency, the disclosure of these draft documents and communications could result in public confusion over the final agency position with respect to issues addressed in the drafts.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. FOIA Exemption b(5) is invoked to withhold documents under the deliberative process privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and local law enforcement officers, ICE employees, and third parties contained within the responsive documentation.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. The privacy interest in the identities of individuals in the records requested outweighs any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied FOIA Exemption 7(E) to protect from disclosure non-public law enforcement techniques and processes, law enforcement sensitive database codes, internal identification numbers, navigation instructions, and information regarding internal queries of law enforcement databases. The release of technical information such as codes, numbers, instructions, and queries, would allow a person with unauthorized access to ICE's network or databases to potentially circumvent the law by avoiding detection and/or manipulating law enforcement sensitive information.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

**FOIA Exemption b(5)** exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. FOIA Exemption b(5) is invoked to withhold documents under the deliberative process privilege, the general purpose of which is to prevent injury to the quality of agency decisions.

ICE applied Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and local law enforcement officers, ICE employees, and third parties contained within the responsive documentation.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. The privacy interest in the identities of individuals in the records requested outweighs any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied FOIA Exemption 7(E) to protect from disclosure non-public law enforcement techniques and processes, law enforcement sensitive database codes, internal identification numbers, navigation instructions, and information regarding internal queries of law enforcement databases. The release of technical information such as codes, numbers, instructions, and queries, would allow a person with unauthorized access to ICE's network or databases to potentially circumvent the law by avoiding detection and/or manipulating law enforcement sensitive information.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this response, please contact Jason Cohen with the United States Attorney's Office at (202) 252-2523.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  4 pages

cc:          Assistant United States Attorney Jason Cohen