UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW ORLEANS WORKERS' CENTER FOR RACIAL JUSTICE, <u>et al.</u>,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT,<br><br>   Defendant. | Civil Action No. 15-431 (RBW) |

**ORDER**

In light of the parties' Stipulation and Proposed Order Modifying FOIA Request, ECF No. 43, it is hereby

**ORDERED** that the eight searches listed in Exhibit 1 to this Order shall represent the defendant's remaining search obligations in this case. It is further

**ORDERED** that the defendant shall process at least five hundred (500) pages of records discovered by its searches (unless fewer than five hundred (500) pages remain, in which case the remaining balance shall be processed) and produce to the plaintiffs, on the 12th day of every month (or on the next business day if the 12th is a not a business day), the non-exempt portions of responsive records. The defendant shall process the records discovered by its searches by reviewing each record for responsiveness and redacting or withholding information subject to an applicable exemption under the Freedom of Information Act. It is further

**ORDERED** that the defendant shall make its first production of non-exempt portions of responsive records to the plaintiffs on or before July 12, 2019. It is further

**ORDERED** that the plaintiffs are deemed to have waived their rights to challenge through litigation, and are barred from litigating, the adequacy of the aforementioned eight searches.  It is further

**ORDERED** that the plaintiffs are deemed to have waived their rights to challenge through litigation, and are barred from litigating, any exemptions claimed by the defendant with respect to the records produced to the plaintiffs prior to March 4, 2019.  The plaintiffs retain any and all of their rights to challenge any exemptions claimed by the defendant with respect to the records produced by the defendant pursuant to this Order.  It is further

**ORDERED** that the parties shall confer in good faith to resolve any disputes regarding any of the defendant's claimed exemptions before bringing them to the Court's attention.  In the event that the plaintiffs seek to challenge any of the exemptions claimed by the defendant, the plaintiffs shall produce to the defendant a list of exemptions that they challenge and the bases for their position.  Pursuant to Federal Rule of Evidence 408, the defendant shall produce to the plaintiffs a preliminary draft of its <u>Vaughn</u> index, which shall include justifications for the exemptions challenged by the plaintiffs.  If the parties are unable to resolve their disputes, the defendant shall file a summary judgment motion addressing the applicability of the challenged exemptions.  In support of its motion, the defendant shall submit a final <u>Vaughn</u> index.  The final <u>Vaughn</u> index may include descriptions of the withheld records and any additional exemptions that were not contained in the preliminary draft of the <u>Vaughn</u> index produced to the plaintiffs, and any omission of such descriptions or exemptions from the preliminary draft of the <u>Vaughn</u> index shall not be construed as a waiver of any of the defendant's arguments or defenses in this case.  Unless the parties agree otherwise, the plaintiffs may not rely on or cite to a preliminary draft of the defendant's <u>Vaughn</u> index.  It is further

**ORDERED** that the plaintiffs are deemed to have waived their claim for attorneys' fees incurred in this case, with the exception of the following: (1) attorneys' fees incurred in this case from March 25, 2015, the date when the Complaint was filed in this case, to June 14, 2019, the date when the parties filed their stipulation with the Court, and any attorneys' fees that may be incurred in litigating the entitlement to such fees; and (2) attorneys' fees that may be incurred in briefing any challenged exemptions in accordance with this Order.  This Order shall not be construed to modify the substantive legal standard otherwise applicable under the relevant law that governs the plaintiffs' claim for attorneys' fees.  It is further

**ORDERED** that the Court's March 4, 2019 Order, ECF No. 38, is **VACATED** to the extent it required the following: (1) that the defendant "search the additional offices, systems, and files identified in the Court's Memorandum Opinion or, where appropriate, [ ] submit a supplemental affidavit demonstrating why its initial searches were adequate," and "supplement its Vaughn indices or file additional affidavits that address the deficiencies set forth in the Court's Memorandum Opinion," id. at 1; (2) that the parties submit joint status reports "every thirty days thereafter until all of the concerns set forth in the Court's Memorandum Opinion have been addressed," id. at 2; and (3) that, "upon fully addressing the concerns expressed by the Court in its Memorandum Opinion, the parties [ ] submit to the Court a proposed schedule for the filing of additional summary judgment motions if disputes regarding the plaintiffs' Freedom of Information Act request remain," id.  It is further

**ORDERED** that the parties shall appear for a status conference on October 15, 2019, at 9:30 a.m.

**SO ORDERED** this 11th day of July, 2019.

REGGIE B. WALTON<br>United States District Judge